IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT E. BARNETT, as
Personal Representative of the
Estate of WILLIAM BARNETT,
Deceased,

        Plaintiff,

vs.                                          No. CIV 03-1459 LCS/LAM

KUMHO TIRE USA, INC., a foreign
corporation; and GCR TRUCK TIRE
CENTERS, a division of BFS Retail &
Commercial Operations, LLC, a foreign
Limited Liability Company; and DOES
I-X inclusive,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Kumho Tire's Motion for Summary Judgment (Doc. 63), on Defendant Kumho Tire and GCR Truck Tire's Motions to Exclude the Testimony of Robert Semmens (Doc. 65, 70), on Defendant Kumho Tire's Motion to Exclude the Testimony of Brian McDonald, (Doc. 67), on Plaintiff's Motion to Strike Expert (Doc. 68), on Defendant GCR Truck Tire's Motion for Summary Judgment (Doc. 71), and on Defendants Kumho Tire and GCR Truck Tire's Joint Motion for Summary Judgment on Plaintiff's Wrongful Death Claim (Doc. 73). The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motions and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that Defendants' Motions for Summary Judgment should be **GRANTED**.

I.   **Procedural History**

This action arises out of a motor vehicle accident involving Plaintiff's decedent, William Barnett. On December 25, 2000, William Barnett was driving a 1989 Kenworth tractor-trailer westbound on Interstate 10 in the State of New Mexico, approximately three miles east of the Arizona state line. (Compl. ¶ 6). According to the Complaint, the right front tire on the tractor-trailer suddenly failed, causing the tractor-trailer to veer off the roadway. (Id. at ¶7). The tire in question was manufactured by Kumho Tire, USA, Inc. and was alleged to have been sold and installed by GCR Truck Tire Centers. (Id. at ¶8, 10, 11). William Barnett suffered personal injuries as a result of the accident. (Id. at ¶9). Mr. Barnett died on March 1, 2001, approximately two months following the accident. (Def. Ex. 3).

II.   **Standard**

a.   **Motion to Strike Expert Witness**

A district court has an obligation to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). This gatekeeper function requires the Court to assess the reasoning and methodology underlying the expert's opinion, and to determine whether it is both scientifically valid and applicable to a particular set of facts. *Id.* "[W]here expert testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003 (2003) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)).

To be reliable under *Daubert*, an expert's scientific testimony must be based on scientific knowledge, which "implies a grounding in the methods and procedures of science" based on actual knowledge, not "subjective belief or unsupported speculation." *Id.* (quoting *Daubert*, 509 U.S. at 590). However, a party need not prove that the expert is undisputably correct or that the expert's theory is generally accepted in the scientific community. *Mitchell v. Gencorp., Inc.*, 165 F.3d 778, 781 (10th Cir. 1999). Instead, it must be shown that the method employed by the expert in reaching the proffered conclusion is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements. *Id.*

  **b.**  **Motion for Summary Judgment**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact." *Id*. When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The Movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289

(1968)). The Movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

### III. Motions before the Court

#### a. Plaintiff's Motion to Strike Expert

The parties advised the Court at the Pretrial Conference on January 13, 2005 that they have reached a resolution on Plaintiff's Motion to Strike Expert. Defendants have agreed to call James D. Gardner as an expert witness and will not proffer the testimony of Joseph L. Grant. The parties have so stipulated and the Court has approved this resolution of Plaintiff's Motion. Plaintiff's Motion to Strike Expert is therefore **DENIED AS MOOT**.

#### b. Wrongful Death

Plaintiff's Complaint states a claim for the wrongful death of William Barnett against Defendants Kumho Tire USA, Inc. and GCR Truck Tire Centers. As discussed *supra*, William Barnett suffered injuries in a motor vehicle accident on December 25, 2000. Mr. Barnett subsequently died on March 1, 2001. The death certificate lists as the cause of death Acute Thrombosis, Left Coronary Artery, due to Hypertensive and Atherosclerotic Cardiovascular Disease. (Def. Ex. 1).

Under FED. R. CIV. P. 56(c), the moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on filed, together with the affidavits, if any," which it

believes demonstrate the absence of a genuine issue of material fact. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) (quoting *Celotex Corp v. Catrett*, 477 U.S. 317 (1986)). Defendants have provided this Court with evidence that the injuries suffered by Mr. Barnett in the December 25, 2000 accident did not cause his death. They have therefore met their initial burden of demonstrating the absence of a genuine issue of material fact. *Id.*

The burden therefore shifts to Plaintiff to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 972 (10th Cir. 2002). Plaintiff has not provided the Court with any facts tending to show that William Barnett's death was caused by injuries sustained in the December 25, 2000 accident, nor does Plaintiff plan to proffer expert testimony that the death was caused by the accident in question. Plaintiff argues that "the doctors identified by Plaintiff as witnesses will provide the jury with additional facts regarding 'William Bennett's care, treatment, diagnosis and/or prognosis' which will be relevant to the proximate cause of his death." (Doc. 80). Beyond this conclusory statement, Plaintiff has failed to provide the Court with specific facts showing a genuine issue for trial, as is required in the Tenth Circuit. *Reed*, 312 F.3d at 1194 ("[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial"). As such, Plaintiff has not sustained its burden and Defendants' Motion for Summary Judgment on Plaintiff's Claim for Wrongful Death must be **GRANTED**.

    **c.**    **Kumho Tire's Motion to Exclude the Testimony of Brian McDonald**

Defendant Kumho Tire objected to Dr. McDonald's expert report on the basis that the report dealt with economic losses arising from William Bennett's 'wrongful death' and that

Plaintiff had failed to provide any evidence to sustain a claim for wrongful death. (Doc. 67). Because I have already determined that summary judgment is appropriate on Plaintiff's wrongful death claim, I need not reach the merits of Defendant's Motion. Defendant's Motion to exclude Brian McDonald's testimony will be **GRANTED**.

### d.     Defendants' Motions to Exclude the Testimony of Robert Semmens

Federal Rule of Evidence 702 imposes on the district court a "gate-keeping" function with respect to the admissibility of expert opinions. *Daubert*, 509 U.S. at 589-90. To perform the gate-keeping function, the Court must perform a two-step analysis, first determining whether the expert is qualified by "knowledge, skill, experience, training, or education" to render the opinion, and second, to determine whether the opinion rendered is "reliable" under the principles set forth in *Daubert*. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

When the factual basis, data, principles, methods or their application contained in an expert's opinion are sufficiently called into question, the trial court must determine whether the opinion has a reliable basis in the knowledge and experience of the relevant discipline. *Kumho Tire*, 526 U.S. at 149. To be reliable under *Daubert* and its progeny, an expert's scientific testimony must be based on scientific knowledge, which implies a grounding in the methods and procedures of science based on actual knowledge, not subjective belief or unsupported speculation. *Dodge*, 328 F.3d at 1222.

To assist in the assessment of reliability, the Supreme Court in *Daubert* listed four nonexclusive factors that the trial court may consider: 1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; 2) whether the opinion has been subjected to peer review; 3) whether there is a known or potential rate of error associated with

6

the methodology used and whether there are standards controlling the technique's operation; and 4) whether the theory has been accepted in the scientific community. *Id.* (citing *Daubert*, 509 U.S. at 593-94). The purpose of the *Daubert* inquiry is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire*, 526 U.S. at 152.

Plaintiff's expert, Robert Semmens, opined that the subject tire failed due to a tread separation, caused by lack of bond between the casing and the tread. (Pl. Ex. A). Plaintiff's expert did not appear at the *Daubert* hearing on January 13, 2005. Plaintiff's counsel argued the Court could assess the reliability of Mr. Semmens's opinions based solely on his deposition testimony and on his expert report. The Court has not received the entire deposition transcript. From a careful examination of the deposition excerpts provided in conjunction with the four criteria outlined in *Daubert*, I find that the opinion of Plaintiff's expert that the subject tire was defectively manufactured does not meet any of the standards necessary for a finding of reliability.

In evaluating Mr. Semmens's opinion, I find that the opinion is not reliable in accordance with the application of accepted technical principles or methodology. The exact methodology used by Plaintiff's expert is not entirely clear from the record, as Mr. Semmens never appeared before the Court, nor does the Court have the entire transcript of his deposition. Mr. Semmens admitted in his testimony that his opinions on tire defects are not based on any testing he has completed personally. (Tr. at 207). Although Mr. Semmens agreed that tests exist which could confirm or refute his opinion as to the causes of tire failure, he admitted he had not performed such tests. (Tr. at 219). Additionally, the witness stated he had not applied the scientific method

in performing his analysis, (Tr. at 208-09), and that he had no education, training, or experience in tire design. (Tr. at 190).

When challenged to identify technical literature or authority to support his views about tread separation in the subject tire, Mr. Semmens cited to three publications, principally to "The Investigator's Guide to Tire Failures" by R. J. Grogan. (Tr. at 46). The witness admitted he had never independently verified the principles outlined in this text. (Tr. at 97). At the *Daubert* hearing, Plaintiff's counsel argued that the Grogan book is a learned treatise which supports the reliability of Mr. Semmens's conclusions. However, this book is not in evidence and the Court is unable to discern, based on counsel's assertions, whether the text is reliable or whether it supports Mr. Semmens's conclusions.

In response to questioning about other literature in the field that would tend to support his conclusions, the witness stated he was unable to identify any published testing, scientific studies, or peer-reviewed literature that supported his conclusions about the purported blue discoloration in the subject tire. (Tr. at 212, 219). Mr. Semmens further stated that his opinions about the blue discoloration were not based on any testing completed by others in the field (Tr. at 207), that he could not identify any other expert who would agree with his opinion as to the cause of blue discoloration (Id.), but that he could identify experts who disagreed with his opinions. (Tr. at 220-222).[1]

For the reasons set forth above, I find that the opinion and testimony of Mr. Semmens is not sufficiently supported by reliable technical or scientific reasoning, is not supported by

---

[1] In my view, an excellent exposition of the *Daubert* analysis by a trial court can be found in Judge Figa's opinion in *Hauck v. Michelin North America, Inc.*, 343 F.Supp.2d 976 (D. Colo. 2004). Such an analysis is not possible in the present case however, as the record before the Court is very limited.

literature in the field or test results, and is inherently too unreliable based on his qualifications to be put before a jury. Defendants Motions to Exclude the Testimony of Robert Semmens are therefore **GRANTED**.

### e. Defendants' Motions for Summary Judgment on Products Liability

In deciding a motion for summary judgment, I must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms*, 165 F.3d at 1326. The nonmoving party must nonetheless present facts sufficient for a reasonable jury to find in its favor. *Id.* Plaintiff maintains that even without the excluded expert opinion, he can still show a genuine issue of material fact as to the existence of a defect sufficient to overcome Defendants' motions for summary judgment.

Plaintiff maintains claims of product defect and underlying negligence against Defendants. With respect to both claims, Plaintiff must prove the existence of a defect. *See* New Mexico UJI (Civil) §§ 13-1402, 13-1407. Plaintiff cites authority for the proposition that expert testimony is not required in a tire failure case. *Lucas v. Firestone Tire & Rubber Co.*, 458 F.2d 495, 497 (5th Cir. 1972). The Tenth Circuit has also held that the existence of a defect may be inferred by a jury if the plaintiff has provided evidence that would make such an inference reasonable. *Truck Ins. Exchange v. Magnetek, Inc.*, 360 F.3d 1206, 1214 (10th Cir. 2004) (citing *Weir v. Fed. Ins. Co.*, 811 F.2d 1387, 1392 (10th Cir. 1987)).

As evidence of a tire defect, Plaintiff points to fact witnesses who could allegedly testify that Mr. Barnett was in the habit of checking and properly maintaining his tires, that Mr. Barnett was a safe driver, and that there did not appear to be any type of hazard in the road following the accident. (Pl. Ex. A, B, F). Plaintiff argues he need not present expert testimony on these claims

because existence of a defect and negligence can be shown by such circumstantial evidence.

Such evidence appears to this Court to be suspect however. With respect to testimony about Mr. Barnett's customary behavior, the Court assumes counsel wishes to bring in this testimony under FED. R. EVID. 406, Habit; Routine Practice. The testimony proffered by Plaintiff is too equivocal to fall within Rule 406. The testimony of Robert Barnett has been proffered to show that William Barnett was a "safe driver" who "always checked his tires". Examination of the transcript reveals that Robert Barnett had only a limited factual basis for these opinions which is not sufficiently substantial to bring his testimony within Rule 406. (Ex. A at 32-33). Plaintiff also wishes to introduce the testimony of Dean Barnett that Plaintiff was in the habit of checking the inflation of his tires at every stop. The factual basis for these opinions is similarly suspect (Ex. B. at 49-50) and does not come within the ambit of Rule 406. Additionally, the testimony of Officer Bergman that he did not observe any hazard in the road following the accident does not, without more, give rise to an inference that the accident was caused by a manufacturing defect in the tire.

Viewing this evidence in the light most favorable to Plaintiff, it does not appear that, absent the excluded expert testimony regarding the existence of a defect, a jury could reasonably make the necessary inference that a defect existed in the subject tire. Because Plaintiff cannot show a genuine issue of material fact as to the existence of a defect in the tire, I find that summary judgment is appropriate on Plaintiff's claims of defect and negligence and Defendants' Motions shall be **GRANTED**.

### IV.     Conclusion

Upon review of the arguments presented in Defendants' Motions for Summary Judgment,

I find that Defendants are entitled to judgment as a matter of law on Plaintiff's wrongful death and products liability claims.  Accordingly, Defendants Motions for Summary Judgment shall be **GRANTED**.

    **A SUMMARY JUDGMENT CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**